# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DAMON A. VOLBERT,**      CASE NO. 3:20 CV 11

    Plaintiff,

    v.      JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.      **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Damon A. Volbert seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Thomas M. Parker for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Parker recommends this Court affirm the Commissioner's final decision. (Doc. 15). Plaintiff filed an objection to the R&R (Doc. 16), and the Commissioner filed a response thereto (Doc. 17). For the reasons set forth below, the Court overrules Plaintiff's objection, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income ("SSI") in July 2017 alleging a disability onset date of March 19, 2014. *See* Tr. 16. His claims were denied initially and upon reconsideration. (Tr. 283-85, 293-94). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on December 6, 2018. (Tr. 224-48). On February 15, 2019, the ALJ found Plaintiff not disabled in a written decision. (Tr. 16-28). The Appeals Council denied Plaintiff's request for review, making the hearing decision

the final decision of the Commissioner. (Tr. 1-6). Plaintiff timely filed the instant action on January 3, 2020. (Doc. 1).

In his original brief, Plaintiff raised two arguments regarding the ALJ's decision: (1) the ALJ erred in finding Plaintiff's mental health impairments non-severe, and (2) the ALJ erred in his evaluation of consultative examiner Dr. Onamusi. (Doc. 11). In his R&R, Judge Parker concluded first, the ALJ did not err in finding Plaintiff's mental health impairments non-severe, and – even if he did – any such error was harmless because the ALJ considered those impairments at the later steps of the sequential evaluation. (Doc. 15, at 9-15). Second, Judge Parker found the ALJ did not err in his consideration of Dr. Onamusi's opinion. *Id.* at 15-17. Judge Parker therefore recommends the Court affirm the Commissioner's decision. *Id.* at 17. The case is now before the Court on Plaintiff's objections to that recommendation. *See* Doc. 16.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r*

*of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a two-part objection to the R&R. He contends Judge Parker incorrectly concluded the ALJ did not err in classifying Plaintiff's mental health impairment as non-severe, and incorrectly alternatively found any such error harmless.

At Step Two of the sequential analysis, an ALJ must determine a claimant's "severe" impairments. A severe impairment is one "which significantly limits" an individual's ability to perform basic work activities. 20 C.F.R. § 416.920(c). An impairment is only considered non-severe if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *see also* 20 C.F.R. § 416.922. The Sixth Circuit characterizes this as a "*de minimis* hurdle in the disability determination process." *Id.* "After an ALJ makes a finding of severity as to even one impairment, the ALJ 'must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576-77 (6th Cir. 2009) (quoting SSR 96-8p, 1996 WL 374184, at *5).

Preliminarily, as the Commissioner correctly points out, Plaintiff mischaracterizes this standard to a degree in his objections. Plaintiff states: "if a claimant's impairment impacts the individual's ability to function, then that impairment is severe." (Doc. 16, at 2); *see also* Doc. 16,

---

1. Neither party objects Judge Parker's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Parker.

3

at 3 ("If [Plaintiff's] mental health conditions limit his ability to perform basic work activities, then those conditions are severe in nature."). But the regulation, and *Higgs* (which Plaintiff cites), state otherwise. Per the regulation, the limitation from an impairment must be "significant" to classify the impairment as severe (20 C.F.R. § 416.920(c)), and per *Higgs*, "a slight abnormality that minimally affects work ability" results in a non-severe impairment finding, 880 F.2d at 862. *See also* 20 C.F.R. § 416.922 ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

At Step Two, the ALJ found Plaintiff's mental health impairments of affective and anxiety disorders are non-severe because they "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities". (Tr. 19).

Plaintiff specifically contends this non-severity finding is inconsistent with consultative examiner Dr. Wuebker's opinion that Plaintiff "would be expected to understand and apply instructions for one step and some complex workplace instructions." (Tr. 925). Plaintiff contends this is an opinion that Plaintiff is functionally limited, and thus demonstrates Plaintiff's mental health impairments are severe. He further contends Judge Parker "admits as much", by stating "Dr. Wuebker opined that [Plaintiff] would have very few functional limitations due to any mental health impairment." (Doc. 16, at 3) (quoting R&R, at 13). The Court disagrees.

As Judge Parker noted, the ALJ summarized Dr. Wuebker's opinion, finding it was based on an "essentially normal mental status evaluation":

> Dr. Wuebker's essentially normal mental status evaluation and exam is consistent with his opinion above in which he notes the claimant would be able to complete tasks and interact with others and has the ability to maintain attention and adjust to work stressors. However, Dr. Wuebker's assessment is also overly broad in nature and somewhat speculative, as he did not provide specific limitations, but instead generally opined the claimant "did not appear" or "seemed to be" which are not specific vocational terms. Nevertheless, the general assessment provided by Dr. Wuebker is well supported by his own assessment and is generally consistent with

the claimant's lack of mental health treatment in the record. For these reasons, Dr. Wuebker's assessment is found to be persuasive.

(Tr. 20).

Indeed, the paragraph in which Plaintiff asserts Dr. Wuebker found him severely impaired states in full:

> Mr. Volbert followed directions and instructions during this assessment. He noted no problems understanding his work tasks. He seemed to be functioning in the average range of intelligence. He would be expected to understand and apply instructions for one step and some complex workplace instructions.

(Tr. 925). And, in finding Plaintiff had only "mild limitation" in the functional area of understanding, remembering, or applying information, the ALJ further explained:

> Here, the claimant was able to follow along well with the examiner and answered questions without significant difficulty. (4F). Yet, the claimant alleged some difficulty with memory at the hearing. (Testimony). However, the claimant is able to live independently and complete daily activities without significant mental limitations. (4F and Testimony). Further, at the hearing, the claimant was able to follow questioning and provide adequate responses to questions asked. Thus, the claimant's ability to function independently, appropriately, effectively, and on a sustained basis is slightly limited in this area.

(Tr. 21).

An impairment "is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 922(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs" and lists examples, such as "[u]nderstanding, carrying out, and remembering simple instructions". 20 C.F.R. § 922(b)(3). Dr. Wuebker's opinion – that Plaintiff "would be expected to understand and apply instructions for one step and some complex workplace instructions" (Tr. 925) – is not inconsistent with this definition. And the ALJ's citation of Dr. Wuebker's mental status evaluation as "essentially normal", description of Dr. Wuebker's opinion as "overly broad in nature and somewhat speculative" (Tr. 20), and further analysis of Plaintiff's testimony alongside Dr. Wuebker's opinion in support of finding only a "mild" or

5

"slight" limitation in understanding, remembering, or applying information, are further supportive of the non-severity finding.

Judge Parker's R&R further thoroughly detailed the ALJ's consideration of Plaintiff's mental health impairments and his supported conclusion that those impairments are not severe – including: (1) the ALJ's reliance on Plaintiff's lack of mental health treatment, denial of referrals to mental health treatment, and denial of depression-related symptoms, and (2) the ALJ's decision to partially discount the State agency consultants' opinions. *See* Doc. 15, at 9-15. The Court need not repeat that analysis further here, but notes its agreement therewith.

Thus, the Court finds the ALJ did not err in his assessment of Dr. Wuebker's opinion in finding that it supported a determination that Plaintiff's mental health impairments were non-severe, that is, no more than a "slight abnormality that minimally affects work ability". *Higgs*, 880 F.2d at 862. The ALJ's determination that Plaintiff's mental health impairments are non-severe is supported by substantial evidence.

Furthermore, the Court agrees with Judge Parker's alternative finding that even assuming error *arguendo*, any such error was harmless. Where an ALJ finds the presence of a severe impairment at Step Two and proceeds through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment is harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) ("[S]o long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments . . . does not constitute reversible error[.]").

The ALJ in this case thoroughly explained his consideration of Plaintiff's mental health impairments and their impact (or lack thereof) on his ability to work at Step Two, including an

Case: 3:20-cv-00011-JRK Doc #: 18 Filed: 01/19/21 7 of 7. PageID #: 1316

analysis of the opinion evidence, (Tr. 19-21), and stated in his conclusion at Step Four he considered both COPD "and [Plaintiff's] non-severe impairments" in formulating the RFC, (Tr. 25); *see also* Tr. 17 ("In making [the RFC] finding, I must consider all of the claimant's impairments, including impairments that are not severe.") (citing 20 C.F.R. §§ 416.920(e), 416.945, SSR 96-8p). That the ALJ did not include any limitations from Plaintiff's non-severe mental health impairments in the RFC is similarly not error. *Cf. Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 565 (6th Cir. 2014) ("Because Griffith's impairment was not determined to be "severe," the ALJ was not required to reference it in his hypothetical question to the vocational expert."); *see also, e.g.*, *Kimbro v. Comm'r of Soc. Sec.*, 2019 WL 4305759, at *8 (N.D. Ohio) (not error to omit mental limitations from an RFC where the ALJ determines the claimant has only mild mental limitations and that determination is supported) (citing cases).

Therefore, even assuming the ALJ erred in finding Plaintiff's mental health impairments non-severe, any such error is harmless.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Parker's R&R (Doc. 15) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
 UNITED STATES DISTRICT JUDGE

7